IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Flexential LLC, a Delaware limited liability company,

    Plaintiff,

v.

Telnyx LLC, an Illinois limited liability company,

    Defendant.

## COMPLAINT

Plaintiff, Flexential LLC ("Flexential"), through its undersigned counsel, hereby files its complaint against Defendant, Telnyx LLC ("Telnyx").

### NATURE OF THE CASE

1. This case involves Telnyx's failure to pay past due invoices under a Master Services Agreement (the "MSA") in the amount of $175,512.69.

### PARTIES, JURISDICTION, AND VENUE

2. Flexential is a Delaware limited liability company with a principal office address of 600 Forest Point Circle, Suite 100, Charlotte, North Carolina 28273.

3. Telnyx is an Illinois limited liability company with a principal office address of 333 West Wacker Drive, Suite 460, Chicago, Illinois 60606.

4. Venue is proper in this Court pursuant to paragraph 28 of the MSA, "Governing Law and Venue." Said paragraph provides in pertinent part "[s]hould a dispute arise under or in

relation to the MSA, jurisdiction over and venue of any such suit shall be exclusively in the state and federal courts of Denver, Colorado."

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 and paragraph 28 of the MSA, "Governing Law and Venue." Said paragraph provides in pertinent part "[s]hould a dispute arise under or in relation to the MSA, jurisdiction over and venue of any such suit shall be exclusively in the state and federal courts of Denver, Colorado."

## GENERAL ALLEGATIONS

**I.      The MSA.**

6.      The parties entered into the MSA on or about April 30, 2022.

7.      Section 5(c) of the MSA provides that the Term "will commence on the Effective Date of the MSA and will continue until termination of all Service Terms or, if earlier, termination by a party pursuant to the terms" of the MSA.

8.      Section 6(a) of the MSA provides in pertinent part "[u]nless otherwise set forth on the Quote with respect to Services on the Quote, Billing for Services will begin as Services are Installed or on the forty-fifth (45th) day after the Effective Date of the applicable Quote, whichever is earlier."

9.      Section 6(c) of the MSA provides in pertinent part "[a]ll recurring charges for Services will be invoiced by Flexential on a monthly basis, except for charges that are dependent upon the level of usage, which will be billed a month in arrears."

10.     Section 6(d) of the MSA provides in pertinent part "[a]ll undisputed invoices are due within thirty (30) days of invoice date."

11.     Section 6(i) of the MSA provides that Telnyx must raise any disputes related to invoices no later than 60 days after the invoice due date.

12.     Section 8(a), "Termination for Breach," of the MSA provides in pertinent part that "[e]ither party may terminate the MSA without liability if the other party materially breaches any representation, warranty or obligation in the MSA and the breaching party fails to cure the breach within thirty (30) days receipt of written notice from the non-breaching party describing the breach and citing the specific MSA provision(s) that have been breached . . ."

13.     Section 8(d) of the MSA provides in pertinent part that if Telnyx terminates any Service or portion thereof for its convenience prior to the end of the applicable Service Term, Telnyx must pay to Flexential an early termination fee ("Early Termination Fee") in an amount equal to: (i) 100% of the remaining monthly recurring charges for each terminated Service or portion thereof for months one through 12 of the then-effective Service Term; plus (ii) 50% of the remaining monthly recurring charges for each terminated Service or portion therefore for months 13 through 24 of the then-effective Service Term, if any; plus (iii) 25% of the remaining monthly recurring charges for each terminated Service or portion thereof for months 25 through the end of the then-effective Service Term, if any.

**II.     Telnyx breaches the MSA by failing to pay invoices.**

14.     Pursuant to the MSA, Flexential installed the Services[1] at three locations for Telnyx: Las Vegas, Nevada; Chaska, Minnesota; and Fort Lauderdale, Florida.

---

[1] As that term is defined in the MSA.

15. Flexential completed the installation of the Services at Las Vegas and Chaska in early July, 2022. Flexential completed the installation of the Services at Fort Lauderdale in early October, 2022.

16. The MSA calls for Flexential to provide credits for power pricing for the first three months after the Billing Start Date. Flexential timely and appropriately applied the credits for the three locations.

17. Telnyx has failed to pay outstanding invoices in the amount of $175,512.69.

18. Telnyx failed to timely provide notice of disputes of the invoices to Flexential.

19. Flexential has made numerous demands to Telnyx for Telnyx to pay the outstanding invoices.

20. Flexential has given Telnyx notice of Telnyx's breaches of the MSA.

21. Telnyx has refused to pay the outstanding invoices.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

22. Flexential incorporates all previous paragraphs herein.

23. The MSA is a binding and enforceable contract.

24. Flexential has satisfied all conditions precedent to enforcement of the MSA.

25. Telnyx has breached the MSA by failing to pay amounts due under the MSA.

26. Telnyx's breach of the MSA is a material breach of the MSA.

27. Telnyx's breach of the MSA has damaged Flexential in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment – in the Alternative)

28. Flexential incorporates all previous paragraphs herein.

29. Telnyx has received a benefit from Flexential's provision of services.

30. Telnyx received the benefit at Flexential's expense.

31. Telnyx received the benefit under circumstances that would make it unjust for Telnyx to retain the benefit without just compensation to Flexential.

WHEREFORE, Flexential prays the Court enter judgment in Flexential's favor granting the following relief:

A. Damages in an amount to be proven at trial;

B. Reasonable costs and attorney's fees;

C. Pre- and post-judgment interest; and

D. All other relief the Court deems necessary and proper.

DATED this 15th day of January, 2024.

Respectfully submitted,

*/s/Andrew T. Flynn*
Timothy M. Swanson
Andrew T. Flynn
Moye White LLP
3615 Delgany Street, Suite 1100
Denver, Colorado 80216-3997
Telephone: 303-292-2900

ATTORNEYS FOR PLAINTIFF
FLEXENTIAL LLC, A DELAWARE
LIMITED LIABILITY COMPANY